# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
301 West Main Street
Benton, IL 62812
618/439-7760

Norbert G. Jaworski
Clerk

June 17, 2008

Michael W. Dobbins, Clerk
United States District Court
219 S. Dearborn Street
Chicago, IL 60604

F I L E D
June 20, 2008
JUN 2 0 2008 CM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08CR445

Re: Transfer of Jurisdiction of Roy Taylor
Our File: 98-CR-40124-001-JPG

Dear Clerk:

On 6/12/08, an Order by the Honorable J. Phil Gilbert, U.S. District Judge, was filed transferring the probation jurisdiction from this District Court to the Northern District of Illinois.

The court is using the electronic case filing system. You may access our electronic case file at the following web address:                    obtain a copy of this order, the docket sheet, indictment and judgment filed in this case. We have assigned a login and password for district courts to use in accessing this information. The login is ;           ' and the password           . This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system. You will need Adobe Acrobat Reader loaded on your computer in order to view the documents.

Sincerely,

Norbert G. Jaworski, Clerk

By: S/Deborah Agans, Deputy Clerk

CR12
(12/04)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | SUPPRESSED |
| Plaintiff, | ) | |
| v. | ) | CRIMINAL NO. 98-40124-JLF |
| ROY TAYLOR, a/k/a Skate, | ) | |
| RICKY SHANNON, | ) | Title 21, United States Code, |
| DERRICK SHANNON, | ) | Sections 841(a)(1) and 846. |
| DAYNA GARNER, and | ) | |
| SHONA GARNER, | ) | |
| Defendants. | ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### Count 1

From on or about February 1998, through on or about November 11, 1998, in Jackson County, within the Southern District of Illinois,

**ROY TAYLOR, a/k/a Skate,
RICKY SHANNON,
DERRICK SHANNON,
DAYNA GARNER, and
SHONA GARNER,**

defendants herein did knowingly and intentionally conspire with each other, and with others known and unknown to the Grand Jury, to distribute and possess with intent to distribute a mixture and substance containing cocaine base, "crack cocaine," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841 (a)(1); all in violation of Title 21, United States Code, Section 846.

### Count 2

On or about December 19, 1997, in Jackson County, within the Southern District of Illinois,

**RICKY SHANNON,**

defendant herein, did knowingly and intentionally distribute diverse quantities of a mixture and substance containing cocaine base, "crack cocaine," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Count 3

On or about May 6, 1998, in Jackson County, within the Southern District of Illinois,

**SHONA GARNER,**

defendant herein, did knowingly and intentionally distribute diverse quantities of a mixture and substance containing cocaine base, "crack cocaine," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Count 4

On or about October 30, 1998, in Jackson County, within the Southern District of Illinois,

**DAYNA GARNER,**

defendant herein, did knowingly and intentionally distribute diverse quantities of a mixture and substance containing cocaine base, "crack cocaine," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Count 5

On or about November 10, 1998, at approximately 8:30 p.m., in Jackson County, within the Southern District of Illinois,

**SHONA GARNER and
DAYNA GARNER**

defendants herein, did knowingly and intentionally distribute diverse quantities of a mixture and substance containing cocaine base, "crack cocaine," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Count 6

On or about November 10, 1998, at approximately 11:35 p.m., in Jackson County, within the Southern District of Illinois,

**DAYNA GARNER,**

defendant herein, did knowingly and intentionally possess with the intent to distribute diverse quantities of a mixture and substance containing cocaine base, "crack cocaine," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Count 7

On or about November 11, 1998, at approximately 5:15 p.m., in Jackson County, within the Southern District of Illinois,

**DERRICK SHANNON and
ROY TAYLOR, aka "Skate",**

3

defendants herein, did knowingly and intentionally distribute diverse quantities of a mixture and substance containing cocaine base, "crack cocaine," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Count 8

On or about November 11, 1998, at approximately 9:20 p.m., in Jackson County, within the Southern District of Illinois,

**ROY TAYLOR, aka "Skate",**

defendant herein, did knowingly and intentionally possess with the intent to distribute diverse quantities of a mixture and substance containing cocaine base, "crack cocaine," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

A TRUE BILL

FOREPERSON

W. CHARLES GRACE
United States Attorney

Recommended Bond:

DERRICK SHANNON - Detention
ROY TAYLOR - Detention
RICKY SHANNON - Detention
SHONA GARNER - Detention
DAYNA GARNER - Detention

4

AO 245B (Rev. 6/96) Sheet 1 - Judgment in a Criminal Case

**FILED**

# United States District Court  JUN 22 1999

## Southern District of Illinois at Benton

RK U.S. DISTRICT COURT
RN DISTRICT OF ILLINOI
BENTON OFFICE

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| ROY TAYLOR | Case Number: 4:98CR40124-001 |
| | Daniel Goggin |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1, 7 and 8 of the Indictment

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. ' 846 | Conspiracy to Distribute and Possess With Intent to Distribute Cocaine Base | 11/11/1998 | 1 |
| 21 U.S.C. ' 841 (a)(1) | Distribution of Cocaine Base | 11/11/1998 | 7 |
| 21 U.S.C. ' 841 (a)(1) | Possession with Intent to Distribute Cocaine Base | 11/11/1998 | 8 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

06/17/1999
Date of Imposition of Judgment

*/s/ Phil Gilbert*
Signature of Judicial Officer

**J. PHIL GILBERT**
**CHIEF JUDGE**
Name & Title of Judicial Officer

June 22, 1999
Date

IL   62901

/pg

DEFENDANT: ROY TAYLOR
CASE NUMBER: 4:98CR40124-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __240__ month(s).

**240 months on Counts 1, 7 and 8. All counts to run concurrent with each other.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: ROY TAYLOR
CASE NUMBER: 4:98CR40124-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___5___ year(s).

5 years on Count 1 and 8 and 3 years on Count 7. All Counts to run concurrent with each other.

  The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and ~~at least~~ two periodic drug tests thereafter, as directed by the probation officer.

- [ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

  If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

  The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Page   4

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment-Page  4  of  7

DEFENDANT:       ROY TAYLOR
CASE NUMBER:   4:98CR40124-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate as directed and approved by the probation officer for treatment of narcotic addiction, drug dependency, or alcohol dependence, which includes urinalysis or other drug detection measures and which may require residence and/or participation in a residential treatment facility.

AO 245B (Rev. 8/98) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __5__ of __7__

DEFENDANT: ROY TAYLOR
CASE NUMBER: 4:98CR40124-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 300.00 | $ 1,500.00 | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .  $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ 0.00 .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __6__ of __7__

DEFENDANT: ROY TAYLOR
CASE NUMBER: 4:98CR40124-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [X] in full immediately; or

B  [ ] $ _____ immediately, balance due (in accordance with C, D, or E); or

C  [ ] not later than _____ ; or

D  [ ] in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ] in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**The defendant shall make fine payments from any wages he may earn in prison. Any portion of the fine that is not paid in full at the time of the defendant's release shall become a condition of supervision. While on supervised release defendant shall make monthly payments of $15.00 until paid in full.**

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.